# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THAD EVERETT DELAUGHTER**                            **PLAINTIFF**

v.                                      **CIVIL ACTION NO. 1:14CV18-LG-JMR**

**CHRISTOPHER EPPS, ET AL.**                             **DEFENDANTS**

## ANSWER AND DEFENSES TO COMPLAINT

**COME NOW,** Defendants, Michael Hatten, Christopher Epps, Johnny Denmark, and State of Mississippi, and file this their Answer and Defenses to the Plaintiff's Complaint, and in support thereof, would show unto the Court as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Defendants now respond, paragraph by paragraph, to the allegations of the Plaintiff's Complaint as follows:

## PARTIES

I.     It is admitted that Thad Delaughter is named as Plaintiff in this matter.

II.     It is admitted that the parties identified in this paragraph have been named by the Plaintiff as Defendants; however, it is denied that they are proper parties to this litigation.

## GENERAL INFORMATION

A-D.     The allegations of these paragraphs are admitted.

E.     Defendants are without information sufficient at this time to admit or deny these allegations, and therefore, they are denied.

1

F.  This paragraph does not appear to require a response from Defendants. To the extent that a response is required, all allegations are denied.

## STATEMENT OF CLAIM

III. The allegations contained in Plaintiff's "Statement of Claim" are denied.

## RELIEF

IV. The allegations contained in Plaintiff's paragraph entitled "Relief" are denied. It is further denied that Plaintiff is entitled to declaratory relief, injunctive relief, nominal damages, compensatory damages, punitive damages, court costs, attorney's fees or any relief whatsoever from these Defendants.

## SECOND DEFENSE

The Defendants' actions were at all times in compliance with, and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

## THIRD DEFENSE

The Defendants plead all applicable provisions of the Prison Litigation Reform Act as a bar to the Plaintiff's claims or as a limitation of liability, which is denied.

## FOURTH DEFENSE

As it is unclear whether the Plaintiff is suing the Defendants in their official or individual capacity, Defendants are entitled to and hereby affirmatively plead their Eleventh Amendment immunity to suit and liability in this cause, including relief from discovery procedures.

## FIFTH DEFENSE

The Defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## SIXTH DEFENSE

The Defendants are entitled to and hereby affirmatively plead their state law qualified

immunity defenses to suit and liability in this cause, including relief from discovery procedures.

**SEVENTH DEFENSE**

The Defendants are entitled to and hereby affirmatively plead their sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of § 11-46-1, et seq., Miss. Code of 1972, as annotated and amended.

**EIGHTH DEFENSE**

The Plaintiff, by and through his complaint, is subject to the provisions of 18 U.S.C. § 3626, including the restrictions, limitations and penalties therein.

**NINTH DEFENSE**

The Plaintiff, by and through his complaint, and previous complaints, if applicable, is subject to the provisions of 28 U. S. C. § 1915.

**TENTH DEFENSE**

The Plaintiff, by and through his complaint, and previous complaints, if applicable, is subject to the provisions of § 47-5-138 Miss. Code 1972 as annotated and amended.

**ELEVENTH DEFENSE**

The Plaintiff's Complaint is subject to the exhaustion of administrative remedies requirement of 42 U. S. C. § 1997(e), and this action is barred if the Plaintiff failed to comply therewith.

**TWELFTH DEFENSE**

The Plaintiff's claims lack merit, are frivolous and should therefore be dismissed with a "strike" assessed in accordance with the Prison Litigation Reform Act.

**THIRTEENTH DEFENSE**

The Defendants invoke the procedural and substantive aspects of §11-1-65 of the Mississippi

Code.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case based upon a theory of *respondeat superior* without proof that an officer, director or managing agent of the Mississippi Department of Corrections acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINETEENTH DEFENSE

Defendants assert, to the extent applicable, the defenses set forth in F.R.C.P. 8(c)(1) including, but not limited to, estoppel, laches and res judicata.

**AND NOW**, having fully answered the allegations of the Plaintiff's Complaint and having set forth his defenses thereto, the Defendants deny that the Plaintiff is entitled to the relief demanded against them in any form or amount, whatsoever, and hereby move the Court for Entry of an Order and Final Judgment dismissing the Plaintiff's Complaint, with prejudice, at Plaintiff's costs. Finally, the Defendants move for general and such other relief as the Court deems appropriate herein.

Respectfully submitted this the 2nd day of April, 2014.

        **CHRISTOPHER EPPS, MICHAEL HATTEN, JOHNNY DENMARK AND STATE OF MISSISSIPPI, DEFENDANTS**

BY:   **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

BY:   TOMMY D. GOODWIN
       SPECIAL ASSISTANT ATTORNEY GENERAL
       MS BAR NO.: 100791

BY:   *s/Tommy D. Goodwin*

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680
Telefax: (601) 359-2003
Email: tgood@ago.state.ms.us

# **CERTIFICATE OF SERVICE**

I, Tommy D. Goodwin, Special Assistant Attorney General of the State of Mississippi, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I hereby certify that I have mailed, via United States Postal Service, first class postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following non-ECF participant:

    Thad Everett Delaughter
    #122083
    P.O. Box 1419
    Leakesville, MS 39451
    Pro Se

This, the 2nd day of April, 2014.

                                          *s/Tommy D. Goodwin*