UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THAD EVERETT DELAUGHTER, #122083**                                          **PLAINTIFF**

**VS.**                                                          **CASE NO. 1:14-cv-018-LG-JCG**

**RONALD WOODALL; MICHAEL HATTEN;**
**WEXFORD HEALTH; and THE STATE OF MISSISSIPPI**              **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is a motion for preliminary injunction filed by Plaintiff Thad Everett Delaughter. [42]. A response was filed by Defendants Wexford Health Sources and Ron Woodall. [43]. Defendants Michael Hatten and the State of Mississippi also filed a response. [45]. Plaintiff did not file a reply.

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. [42]. Plaintiff requests an order commanding prison officials to return Plaintiff to his prior housing unit at the South Mississippi Correctional Institution (SMCI) so he can be close to another inmate, Donald Keith Smith. *Id*. Plaintiff alleges that he needs to be close to Smith so that Smith can continue assisting him with his legal pleadings in this lawsuit. *Id*. Plaintiff states that he was transferred from his prior housing unit at SMCI in retaliation for filing this lawsuit. *Id*.

"A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *La Union Del Pueblo Entero v. Fed. Emergency Management Agency*, 608 F.3d 217, 219 (5th Cir. 2010).

Plaintiff fails to show that the requirements for the issuance of a preliminary injunction under Federal Rule of Civil Procedure 65 are satisfied in this case. Plaintiff's motion does not address or otherwise show that he has "a substantial likelihood of success on the merits" in the underlying litigation. A motion for preliminary injunction must be denied in the absence of any such showing. Any other conclusion would constitute an abuse of discretion. *Id*. at 225 ("Here, Plaintiffs cannot show a substantial likelihood of prevailing on the merits because the law on the question at the heart of the dispute does not favor their position. Thus, even if Plaintiffs have some chance of prevailing after an adjudication on the merits, the preliminary injunction was issued in error.").

Accordingly, Plaintiff's motion for a preliminary injunction under Federal Rule of Civil Procedure 65 should be denied. *See also Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) ("The district court determined that there is no substantial likelihood that Walgreen will prevail on the merits because Walgreen does not have a right to bring suit under § 1983 to remedy violations of Section 30(A). Because we affirm the district court on this ground, *we need not reach the other three criteria for granting a preliminary injunction*.") (emphasis added).

Plaintiff's motion for a preliminary injunction should also be denied because the daily operations of a prison, including the transfer of incarcerated inmates, are left to the discretion of duly elected and appointed public officials. *Jones v. Diamond*, 594 F. 2d 997, 1030 (5th Cir. 1979) ("The day to day management and operations of a jail must, within the framework herein set forth, be left for the duly elected and appointed public officials, who are answerable to the law if they deliberately or recklessly impinge on the constitutional rights of prisoners."). Plaintiff's constitutional rights were not violated by his transfer to a different housing unit. Plaintiff therefore also fails to satisfy the remaining factors

necessary to warrant the injunctive relief requested under Federal Rule of Civil Procedure 65. *See supra, La Union Del Pueblo Entero,* 608 F.3d at 219.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Plaintiff's [42] motion for preliminary injunction be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 5th day of November, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO