IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THAD EVERETT DELAUGHTER, #122083**                                          **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO.: 1:14-cv-00018-JCG**

**RONALD WOODALL; MICHAEL HATTEN;**                              **DEFENDANTS**
**WEXFORD HEALTH; and THE STATE OF**
**MISSISSIPPI**

### ORDER DENYING [42] MOTION FOR PRELIMINARY INJUCTION

Before the Court is a motion for preliminary injunction filed by Plaintiff Thad Everett Delaughter. [42]. A response was filed by Defendants Wexford Health Sources and Ron Woodall. [43]. Defendants Michael Hatten and the State of Mississippi also filed a response. [45]. Plaintiff did not file a reply.

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. [42]. Plaintiff requests an order commanding prison officials to return Plaintiff to his prior housing unit at the South Mississippi Correctional Institution (SMCI) so he can be close to another inmate, Donald Keith Smith. Id. Plaintiff alleges that he needs to be close to Smith so that Smith can continue assisting him with his legal pleadings in this lawsuit. *Id*. Plaintiff states that he was transferred from his prior housing unit at SMCI in retaliation for filing this lawsuit. *Id*.

"A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the

injunction is granted; and (4) the injunction will not disserve the public interest." *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 219 (5th Cir. 2010).

Plaintiff fails to show that the requirements for the issuance of a preliminary injunction under Federal Rule of Civil Procedure 65 are satisfied in this case. Plaintiff's motion does not address or otherwise show that he has "a substantial likelihood of success on the merits" in the underlying litigation. A motion for preliminary injunction must be denied in the absence of any such showing. Any other conclusion would constitute an abuse of discretion. *Id.* at 225 ("Here, Plaintiffs cannot show a substantial likelihood of prevailing on the merits because the law on the question at the heart of the dispute does not favor their position. Thus, even if Plaintiffs have some chance of prevailing after an adjudication on the merits, the preliminary injunction was issued in error."); *see Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) ("The district court determined that there is no substantial likelihood that Walgreen will prevail on the merits because Walgreen does not have a right to bring suit under § 1983 to remedy violations of Section 30(A). Because we affirm the district court on this ground, *we need not reach the other three criteria for granting a preliminary injunction.*") (emphasis added).

Plaintiff's motion for a preliminary injunction should be denied because the daily operations of a prison, including the transfer of incarcerated inmates, are left to the discretion of duly elected and appointed public officials. *Jones v. Diamond*, 594 F. 2d 997, 1030 (5th Cir. 1979) ("The day to day management and operations of

a jail must, within the framework herein set forth, be left for the duly elected and appointed public officials, who are answerable to the law if they deliberately or recklessly impinge on the constitutional rights of prisoners.").

IT IS THEREFORE, ORDERED AND ADJUDGED, that Plaintiff's [42] motion for preliminary injunction is DENIED.

Signed, this the 20th day of February, 2015.

s/ *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE