IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THAD EVERETT DELAUGHTER        §              PLAINTIFF
                               §
v.                             §     Civil Action No.1:14cv18-JCG
                               §
RONALD WOODALL, MICHAEL        §              DEFENDANTS
HATTEN & STATE OF MISSISSIPPI  §

### MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [79] for Summary Judgment filed April 20, 2015, by Wexford Health Source[1] and Ronald Woodall ["Defendant"] together with a Response [87] filed by Thad Everett Delaughter ["Plaintiff"].   Also before the Court is Plaintiff's Motion [88] for Summary Judgment.  The Court, having considered the pleadings on file, the briefs and arguments of the parties, and relevant legal authorities, finds that Defendant's Motion for Summary Judgment should be granted and Plaintiff's Motion for Summary Judgment should be denied for the reasons that follow.

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff is an inmate currently housed in the custody of the Mississippi Department of Corrections ["MDOC"] serving a twenty five year sentence for sexual battery.  In 1992, and prior to his incarceration, Plaintiff underwent a hip

---

[1]On May 1, 2015, Plaintiff filed a Motion [86] to voluntarily dismiss Wexford Health Sources, Inc. which was granted by Order entered on May 8, 2015.

replacement procedure.  During 2011, Plaintiff, while housed at the South Mississippi Correctional Institution ["SMCI"] in Leakesville, Mississippi, submitted numerous sick call requests, and was seen by Dr. Ronald Woodall and other medical providers for pain in the affected hip.  Plaintiff's examinations and treatment included being prescribed various pain medications, given Solumedrol injections, x-rays, and general diagnostic assessments.  Plaintiff, following one of the examinations at SMCI, requested that he be referred to a specialist.  Plaintiff made this same request on numerous occasions to both Dr. Woodall and to Defendant Michael Hatten ["Hatten"], the SMCI Medical Administrator.

Plaintiff was ultimately referred to an orthopedic specialist Dr. Elliot Nipper, of Southern Bone & Joint, who after examining Plaintiff, sent him for an MRI. Following the MRI, obtained in July 2011, Dr. Nipper informed Plaintiff that he needed a hip replacement.  Plaintiff returned to SMCI and continued to experience pain in his hip.   During this time, Plaintiff continued to fill out sick call requests, was seen, and was treated by the SMCI medical staff.  After approximately three months, Plaintiff was once again referred and returned to see Dr. Nipper. According to Plaintiff, following this visit, Dr. Nipper informed Plaintiff that he would also require reconstructive hip replacement surgery.   Thereafter, Plaintiff filed a grievance through the Administrative Remedy Procedures, alleging that despite Dr. Nipper recommending surgery for his condition, MDOC refused to pay for this necessary surgery.   Plaintiff was denied administrative relief.

On January 15, 2014, Plaintiff filed his Complaint [1] in this Court for

damages and other relief.   The Complaint alleges that Plaintiff is being subjected to cruel and unusual punishment and violation of his rights to Due Process and Equal Protection under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Compl. [1], at p. 4.  Specifically, Plaintiff alleges that: "other people here are being treated for their medical needs and I am not. I am in constant pain and suffer each time I have to leave to go eat, medical, etc." *Id.*

On December 15, 2014, an Omnibus Hearing was conducted wherein the Court heard additional factual background from the Plaintiff.  Following the hearing, an Amended Scheduling Order was entered in order for the parties to conduct discovery and file motions.  Upon consent, on December 16, 2014, an Order [64] was entered reassigning the above captioned cause.

## II.  DISCUSSION

### A.   Standard of Review

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In evaluating a summary judgment motion, the Court must construe "all facts and inferences in the light most favorable to the nonmoving party." *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012).  "The mere existence of a

factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit,* 806 F.2d 1294, 1296-97 (5th Cir. 1987).  "The requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)(emphasis in original).  In other words, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.  "The Court reviews all evidence in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party." *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 391 (5th Cir. 2009); *see also Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013).  "Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (quotations omitted). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

B.   <u>Analysis of Plaintiff's claims against Dr. Ronald Woodall</u>

Plaintiff both opposes Defendant's Motion[2] and moves for summary judgment

---

[2]The Court notes that Plaintiff objects to the Court's consideration of Exhibit "A" to Defendant's Motion which was docketed under seal [84].   Plaintiff claims that because he cannot verify the contents, he is thereby prejudiced.  Exhibit "A" comprises Plaintiff's medical records which contain personal and sensitive

on the grounds that Dr. Woodall was "deliberately indifferent to [his] serious medical need in that he made claims that he had submitted referrals when he had not."  Pl.'s Resp./Counter Motion for Summ. J. [87] at p. 2.  Plaintiff further contends that "Woodall has stopped treating him and has not followed up on any supposed referrals due to animosity over being named as a Defendant." *Id*. at p. 3.

During the omnibus hearing, Plaintiff was questioned about the nature and extent of treatment provided by Dr. Woodall and his testimony provided the Court with additional details and information.

**THE COURT:** And you've told Dr. Woodall that it's hurting?

**MR. DELAUGHTER:** Yes, sir.

**THE COURT:** What does Dr. Woodall say about it?

**MR. DELAUGHTER:** He orders x-rays, and time goes by, and I have to fill out another sick call to find out what the x-rays said.  And he said that the x-rays look fine. I said, that can't be true.  I know what I feel. . . . He just kept telling me, he said 'well, I will put in a referral for you to get you' - - I never would go nowhere.

**THE COURT:** So when you tell Dr. Woodall and Mr. Hatten that your leg is hurting, then they send you to a specialist?

**MR. DELAUGHTER:** Yes, sir.

**THE COURT:** So when you complained about the pain and it popping, Woodall and Hatten sent you to a specialist?

**MR. DELAUGHTER:** Yes, sir.

---

information.  Moreover, Plaintiff received a copy of his entire medical file during the course of the Omnibus hearing conducted on December 15, 2014. As the exhibit contains Plaintiff's personal information, it was properly filed under seal.

**THE COURT:** All right. And then do you know if Dr. Woodall -- and you might not know this, but do you know if Dr. Woodall knows that you need a hip replacement?

**MR. DELAUGHTER:** Yes, sir, he even knows I need reconstructive surgery. He's the only doctor I can see when I go to the infirmary. We have talked about it. He knows.

**THE COURT:** . . . do you think that Dr. Woodall was doing this for the purpose of causing you pain?

**MR. DELAUGHTER:** No, sir, I don't.

Tr. of Omnibus Hearing [62] at pp. 17-18, 23.

Plaintiff further testified that he was "actually scheduled for surgery, but they said it got cancelled and sent me back to the building. They wouldn't tell me why." *Id.* Plaintiff stated that despite his repeated requests, it took months before he was referred to a specialist.   Tr. of Omnibus Hearing [62] at pp. 26-27.

Dr. Woodall has tendered an Affidavit in support of the instant Motion which states in part: 1) he approved Plaintiff seeing an orthopedic specialist; 2) MDOC approves, schedules, arranges transport to, and authorizes payment for all outside specialty consultations, and as an employee of Wexford, he was not authorized to perform those tasks; and 3) he is neither authorized to perform surgery nor is SMCI equipped for surgery.  Aff. of Dr. Ronald Woodall [79-2] at pp. 2-3, att. as Ex. "B" to Mot. for Summ. J. [79].

The medical records submitted in connection with Defendant's Motion for Summary Judgment comprise over 500 pages of documents and reveal that Plaintiff submitted numerous sick call requests complaining of hip and arthritic pain.  R.

[84], p. 1, 3, 8, 10, 11, 16, 26, 47, 66, 78, 86, 89, 108, 117, 135, 154, 156, 161, 169, 449, 472, 475, 477, 491, 507, 511, 519, 520.  In addition to the aforementioned sick call requests, there are hundreds of pages of medical records documenting Plaintiff being seen, evaluated, and treated by Dr. Woodall and other medical personnel on numerous occasions while in MDOC custody.

   "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice,* 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).  Deliberate indifference "is an extremely high standard to meet."  *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Davidson,* 91 F. App'x at 965

(quoting *Domino,* 239 F.3d at 756).  Claims of negligence and medical malpractice do not state a constitutional claim under §1983.  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

A non-life-threatening injury inducing severe pain constitutes a serious medical need. *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006).  Given that Plaintiff's condition warranted surgery and required medication to manage his pain, the Court finds that Plaintiff's degenerative hip condition constituted a serious medical need. *Id*. at 345 n. 12 ("A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.").

The medical evidence of record establishes that Plaintiff filled out numerous sick call requests for the purpose of refilling his medications.  R. [84], p. 3, 12, 44, 57, 67, 69, 77, 101, 102, 454, 471, 526.   These records likewise indicate that medications were prescribed and distributed to Plaintiff on multiple occasions. *See id.,* Medication Administration Records, at pp. 4-7, 15, 18-22, 27, 38-40, 43, 46, 49-50, 52-56, 58-60, 62-65, 68, 70-72, 74-76, 90, 98-100, 103-106, 111-116, 168,  467-468, 476, 478, 484-486, 496-498, 516, 528-529.

By its very nature, incarceration deprives a prisoner of the wide choice of health care providers available and may well interfere with a prisoner's preferred

-8-

mode of treatment.  *United States v. DeCologero,* 821 F.2d 39, 42 (1st Cir. 1987).

Prisoners do not have a constitutional right to the "best" medical treatment

available.  *McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir. 1978).  Prison medical

providers are entitled to exercise their professional medical judgment in deciding

what treatment is adequate for a serious medical need of a prisoner, and the

decision whether to provide additional treatment "is a classic example of a matter

for medical judgment."  *Estelle v. Gamble,* 429 U.S. 97, 107 (1976); *see also Williams

v. Bearry,* 273 F. 3d 1096, *3 (5th Cir. 2001).

Plaintiff maintains that he has been denied a surgical procedure for a

number of years, that Dr. Woodall has failed to act, and has pacified Plaintiff with

lies.  Specifically, Plaintiff submits that he "has been complaining of problems with

a malfunctioning hip replacement for five years and was in fact approved for

corrective surgery in 2011. . . . Ronald Woodall had knowledge of the suffering

[Plaintiff] endured . . . Woodall's failure to follow-up on the promised referrals show

a disregard for the health and safety of Plaintiff."  Pl.'s Mem. in Supp. of

Resp./Counter Mot. for Summ. J. [90] at pp. 5-6.

Delay in medical care can only constitute an Eighth Amendment violation if

there has been deliberate indifference, *which results in substantial harm. Irby v.

Cole,* 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006)(internal citation omitted

and emphasis in original).

A delay in treatment does not violate the Eighth Amendment unless the

denial or delay was the result of the defendant's deliberate indifference and harm

was suffered during the delay. *Easter v. Powell,* 467 F.3d at 464–65.  Defendant may not ignore Plaintiff's serious medical needs.  However, the law does not guarantee Plaintiff a specialized medical treatment.  *See generally Cooper v. Johnson,* 353 F. App'x 965, 967 (5th Cir. 2009); *Dixon v. Rushing,* 2009 WL 3163227 * 5 (S.D. Miss. Sept. 25, 2009).

The Court observed counsel for Defendant tender Plaintiff a copy of his medical file, over 400 pages of medical records.  There has been no showing of deliberate indifference with respect to Plaintiff's medical condition. The evidence before the Court demonstrates that Plaintiff has been medically treated for his hip condition on numerous occasions while in MDOC custody.

In the present case, Plaintiff has been provided and received frequent and continuous treatment for his condition, including pain medication and injections.  Although Plaintiff may have suffered from pain and Dr. Woodall's treatment may not been completely successful, the evidence before the Court does not rise to the level of deliberate indifference.

"[T]he decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir.2001) (quoting *Estelle,* 429 U.S. at 107, 97 S.Ct. 285).  There is no dispute that surgical repair of Plaintiff's hip is recommended by Dr. Nipper.  Based on the evidence before the court, including Plaintiff's sworn testimony during his *Spears* hearing, Plaintiff was never denied medical treatment by Dr. Woodall.

Rather, he disagrees with the treatment he received and the delay of a surgery that he is supposed to receive[3], which does not amount to a constitutional violation. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.2001) (holding that a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs").  At the hearing, Plaintiff could point to no evidence to suggest that Dr. Woodall deliberately delayed or hindered Plaintiff's hip treatment or otherwise acted with deliberate indifference.  *See Davidson,* 91 F. App'x at 965 (citing *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999)) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983.").  Accordingly, the Motion for Summary Judgment filed by Ronald Woodall should be granted and Plaintiff's Motion for Summary Judgment should be denied.

## III.  CONCLUSION

The evidence of record, including the prison medical records [84], Dr. Woodall's Affidavit [79-2], and Plaintiff's testimony during the Omnibus hearing does not rise to the level of deliberate indifference as to Plaintiff's medical condition and needs.  There perhaps was a delay of surgery but the evidence demonstrates

---

[3]The Affidavit of Dr. Gloria Perry, Chief Medical Officer of the MDOC Office of Medical Compliance, submitted in support of the Motion for Summary Judgment filed by Michael Hatten and the State of Mississippi, indicates that discussions and efforts to facilitate Plaintiff receiving hip surgery are ongoing.  Dr. Perry Aff. [110-1] at ¶¶ 6-9.

that Plaintiff was seen, treated, referred, and continues to be monitored to date.

The undersigned concludes that Dr. Woodall has satisfied the burden of showing

that there is no genuine dispute as to any material fact regarding Plaintiff's denial

of adequate medical care claim.   Accordingly, summary judgment dismissal of

Plaintiff's denial of medical care claim against Dr. Woodall is proper.

**IT IS, THEREFORE, ORDERED** that the Motion for Summary Judgment

[79] filed pursuant to FED. R. CIV. P. 56 by Defendant Ronald Woodall is

**GRANTED**.  All 28 U.S.C. § 1983 claims, alleged in the Complaint [1] filed by

Plaintiff Thad Everett Delaughter against Ronald Woodall are dismissed.

**IT IS, FURTHER ORDERED** that the Motion for Summary Judgment [88]

filed by Thad Everett Delaughter  is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of March, 2016.


*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE