IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THAD EVERETT DELAUGHTER | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No.1:14cv18-JCG |
| | § | |
| RONALD WOODALL, MICHAEL | § | DEFENDANTS |
| HATTEN & STATE OF MISSISSIPPI | § | |

### MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [81] for Summary Judgment based upon Sovereign and Qualified Immunity filed April 20, 2015, by Michael Hatten and the State of Mississippi ["Defendants"]. Thad Everett Delaughter ["Plaintiff"] filed a Response [96] and Defendants filed a Reply [110]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and relevant legal authorities, finds that Defendants' Motion for Summary Judgment should be granted for the reasons that follow.

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff is an inmate currently housed in the custody of the Mississippi Department of Corrections ["MDOC"] serving a twenty five year sentence for sexual battery. In 1992, and prior to his incarceration, Plaintiff underwent a hip replacement procedure. During 2011, Plaintiff, while housed at the South Mississippi Correctional Institution ["SMCI"] in Leakesville, Mississippi, submitted numerous sick call requests, and was seen by Dr. Ronald Woodall and other medical providers for pain in the affected hip. Plaintiff's examinations and treatment

included being prescribed various pain medications, given Solumedrol injections, x-rays, and general diagnostic assessments. Plaintiff, following his examinations at SMCI, requested that he be referred to a specialist. Plaintiff made this same request on numerous occasions to both Dr. Woodall and to Defendant Michael Hatten ["Hatten"], the SMCI Medical Administrator.

Plaintiff was ultimately referred to an orthopedic specialist Dr. Elliot Nipper, of Southern Bone & Joint, who after examining Plaintiff, sent him for an MRI. Following the MRI, obtained in July 2011, Dr. Nipper informed Plaintiff that he needed a hip replacement. Plaintiff returned to SMCI and continued to experience pain in his hip. After approximately three months, Plaintiff was once again referred and returned to see Dr. Nipper. According to Plaintiff, following this visit, Dr. Nipper informed Plaintiff that he would also require reconstructive hip replacement surgery. Thereafter, Plaintiff filed a grievance through the Administrative Remedy Procedures, alleging that despite Dr. Nipper recommending surgery for his condition, MDOC refused to pay for this necessary surgery. Plaintiff was denied administrative relief.

On January 15, 2014, Plaintiff filed his Complaint [1] in this Court for damages and other relief. The Complaint alleges that Plaintiff is being subjected to cruel and unusual punishment and violation of his rights to Due Process and Equal Protection under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Compl. [1], at p. 4. Specifically, Plaintiff alleges that: "other people here are being treated for their medical needs and I am not. I am in

constant pain and suffer each time I have to leave to go eat, medical, etc." *Id.*

On December 15, 2014, an Omnibus Hearing was conducted wherein the Court heard additional factual background from the Plaintiff. Following the hearing, an Amended Scheduling Order was entered in order for the parties to conduct discovery and file motions. Upon consent, on December 16, 2014, an Order [64] was entered reassigning the above captioned cause.

## II. DISCUSSION

### A. Sovereign Immunity

The State of Mississippi, as a named Defendant in this cause, moves for summary judgment on the grounds that it is entitled to sovereign immunity in this case. To the extent Hatten is sued in his official capacity as the SMCI Medical Administrator, he claims that he too is immune from this lawsuit by the doctrine of sovereign immunity.

Plaintiff submits that MDOC receives federal funding that is earmarked for "performance of orthopedic surgery on inmates." Resp. [97] at pp. 3. He argues that because Defendants are "discriminating against the Plaintiff's disability due to the cost of the surgery, the State of Mississippi divests itself of sovereign immunity from suit for damages." *Id.*

"The Eleventh Amendment bars suits by private citizens against a state in federal court." *Fox v. Mississippi*, 551 F. App'x 772, 774-75 (5th Cir. 2014); see also *Seals v. Mississippi*, 998 F. Supp. 2d 509, 518 (N.D. Miss. 2014). This protection extends to the MDOC and serves to bar "an individual from suing a state in federal

court unless the state consents to the suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Kermode v. Univ. of Miss. Med. Ctr.*, 496 Fed. App'x 483, 487 (5th Cir.2012) (citing *Perez v. Region,* 307 F.3d 318, 336 (5th Cir. 2002)). In addition, Mississippi Code § 11-46-5(4) provides in part: "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann. § 11-46-5(4).

In the case before the Court, the State of Mississippi has neither consented to being sued nor has it waived its entitlement to immunity under the Eleventh Amendment. As such, the State of Mississippi is immune from liability in this case *See Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366 (5th Cir. 2000)("Mississippi Department of Corrections is a department of the state of Mississippi and enjoys the same immunity as the state itself."); *see also Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011)("Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state.")(internal citations omitted); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991)("Eleventh Amendment bars suits in federal court by citizens of a state against their own state or a state agency or department.")

Regarding Plaintiff's claims asserted against Hatten in his official capacity, the Eleventh Amendment immunity likewise "extends to state officials sued in their

official capacities because such a suit is actually one against the state itself." *Yul Chu v. Miss. State Univ.*, 901 F.Supp.2d 761, 771 (2012)(citations omitted).

The evidence of record demonstrates that Michael Hatten is an employee of MDOC. *See Smith v. Woodall*, 2015 WL 9808777 (S.D. Miss. Oct. 28, 2015)[1]( "By affidavit [63–1], Hatten establishes that he is an employee of the Mississippi Department of Corrections (MDOC), which is an arm of the State of Mississippi."). MDOC is an arm of the State of Mississippi and, as such, is immune under the Eleventh Amendment. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't. of Corrs.*, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)("a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state.")(internal citations omitted).

Based on these well established principals of law, the Court concludes that Plaintiff cannot properly assert his claims against the State of Mississippi and Michael Hatten in his official capacity inasmuch as they are entitled to Eleventh Amendment immunity. Accordingly, Defendants' Motion should be granted as it pertains to Plaintiff's claims asserted against the State of Mississippi and against Michael Hatten in his official capacity.

---

[1]Michael Hatten was named as a Defendant in *Smith v. Woodall*, 2015 WL 9808777 (S.D. Miss. Oct. 28, 2015), a case factually similar to the present case, wherein Plaintiff's medical care claims were dismissed on immunity grounds.

B.   <u>Qualified Immunity</u>

1.   <u>Standard of Review</u>

Plaintiff has also sued Defendant Michael Hatten in his individual capacity. Qualified immunity shields a governmental official from civil liability for damages based upon the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory law of which a reasonable person would have known. *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006). The doctrine of qualified immunity strikes a balance between the need to hold public officials accountable for exercising power irresponsibly and the need to shield from harassment, distraction and liability officials who perform their duties reasonably. *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* "The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor." *Id.*

The qualified immunity analysis involves a two prong inquiry: (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson*, 555

U.S. at 232. It is within the discretion of the district court to decide which of the two prongs of the qualified immunity analysis to address first. *Id.* at 236. Determining qualified immunity is "a question of law for the court, not a matter of fact for the jury." *Brown,* 623 F.3d at 253 (5th Cir. 2010). Whether an official may be "held personally liable for an allegedly unlawful action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Messerschmidt v. Millender,* 132 S. Ct. 1235, 1245 (2012)(internal citations omitted).

    2.    <u>Analysis of Plaintiff's Claim</u>

The Court, mindful of the standard by which it is to conduct its review, finds that the record does indeed contain inconsistencies. However, these inconsistencies do not preclude the determination of qualified immunity in this case. The Court construes all relevant disputed material facts in the light most favorable to Plaintiff. *Scott v. Harris,* 550 U.S. 372, 377 (2007). Plaintiff claims that Hatten's actions, namely the unnecessary delay in Plaintiff being referred to Dr. Nipper, amount to cruel and unusual punishment. Compl. [1] at p. 4.

During the omnibus hearing, Plaintiff was questioned about the role of Hatten regarding his medical treatment and his testimony provided the Court with additional details and information.

> **THE COURT:** So when you tell Dr. Woodall and Mr. Hatten that your leg is hurting, then they send you to a specialist?
>
> **MR. DELAUGHTER:** Yes, sir.

> **THE COURT:** So when you complained about the pain and it popping, Woodall and Hatten
>
> **MR. DELAUGHTER:** Yes, sir.
>
> **THE COURT:** All right. And then do you know if Dr. Woodall -- and you might not know this, but do you know if Dr. Woodall knows that you need a hip replacement?
>
> **MR. DELAUGHTER:** Yes, sir, he even knows I need reconstructive surgery. He's the only doctor I can see when I go to the infirmary. We have talked about it. He knows.

Tr. of Omnibus Hearing [62] at p. 18.

Plaintiff further testified that he was "actually scheduled for surgery, but they said it got cancelled and sent me back to the building. They wouldn't tell me why." *Id*.

Plaintiff testified that he did not think that Hatten delayed his medical treatment to intentionally cause him pain. *Id*. at pp. 23-24. However, Plaintiff stated that despite his repeated requests, it took months before he was referred to a specialist. Tr. of Omnibus Hearing [62] at p. 26. When asked if he agreed that Hatten would have to rely on Dr. Woodall to make medical decisions about Plaintiff's care, Plaintiff responded "yes". *Id*. at p. 27.

In his Response to Defendants' Motion, Plaintiff states that Hatten is not entitled to assert immunity nor is he entitled to the benefit of immunity because he "largely ignored the Plaintiff's pleas for help despite his constant promises to follow up." Resp. [96] at p. 3; Resp. [97] at p. 4. While Plaintiff argues that Hatten was deliberately indifferent to his serious medical need and "largely ignored" his request for assistance, the record demonstrates that it was in fact, Hatten who facilitated Plaintiff seeing the orthopedic specialist Dr. Nipper.

"Under the 'deliberate indifference' standard, a prison official is not liable for the denial of medical treatment 'unless the official knows of and disregards an excessive risk to inmate health or safety.'" *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)(quoting *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). An allegation of malpractice or negligent medical treatment is insufficient to state a claim. *Id.* at 159 (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). The record belies Plaintiff's claim and he has failed to establish that Hatten was deliberately indifferent to his medical needs. While the record does indicate a delay in Plaintiff undergoing surgery, it does not support a denial, or intentional interference with Plaintiff's medical treatment. As such, deliberate indifference cannot be shown. *Stewart,* 174 F.3d at 535. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)(citations omitted). The Court concludes that Plaintiff has failed to allege a violation of clearly established law on the part of Hatten.

Assuming arguendo that Hatten's actions amounted to deliberate indifference, the Court nonetheless concludes that his actions were objectively reasonable under the circumstances. Any delay in care by Hatten does not amount to a constitutional violation in this case. This is gleaned from Plaintiff's own testimony that Hatten was the individual responsible for requesting and facilitating Plaintiff's referral to Dr. Nipper. Any delay in accomplishing this was not objectively unreasonable. Moreover, the record indicates that "Plaintiff has

been regularly treated for his hip complaints and is currently awaiting surgery that MDOC has approved and is willing to pay for." Defs.' Reply [110] at p. 4.

In support of the instant Motions, Defendants tendered the Affidavit of Dr. Gloria Perry, Chief Medical Officer of MDOC Office of Medical Compliance. Dr. Perry states in pertinent part:

> 6. That the MDOC Office of Medical Compliance has reviewed and approved the request for Inmate Thad Everett Delaughter# 122083 to receive care from free world orthopedic specialists.
>
> 7. That left hip prosthesis surgery for inmate Delaughter was originally scheduled to be performed by Dr. Nipper with Southern Bone & Joint in Hattiesburg, Mississippi, but was cancelled by Dr. Nipper. Dr. Nipper then referred Inmate Delaughter#122083 to the University of Mississippi Medical Center [UMMC] in Jackson, Mississippi for the surgery.
>
> 8. That in addition to the referral from Dr. Nipper, MDOC has also requested that the Orthopedic Department at the University of MississippI Medical Center . . . perform his hip surgery.
>
> 9. That the cost of the surgery was not a factor for MDOC in the referral of Inmate Delaughter to UMMC.

Dr. Perry Aff. [110-1] at ¶¶ 6-9.

Dr. Perry further states that discussions with UMMC are ongoing and if ultimately Plaintiff is not accepted as a patient, possible out of state options will be explored. Id. at ¶¶ 10, 11.

Based upon the record before the Court, the undersigned concludes that Defendants' Motion should be granted as to Plaintiff's individual claims asserted against Hatten in his individual capacity.

### III.  CONCLUSION

The record establishes that the State of Mississippi and Michael Hatten are entitled to qualified immunity on Plaintiff's denial of medical care claim.  Therefore, their Motion for Summary Judgment Based Upon Sovereign and Qualified Immunity is well taken and based upon the foregoing, Plaintiff's 28 U.S.C. § 1983 claims against Michael Hatten and the State of Mississippi will be dismissed.

**IT IS, ORDERED AND ADJUDGED** that, the Motion [81] for Summary Judgment Based on Sovereign and Qualified Immunity pursuant to FED. R. CIV. P. 56 filed by Michael Hatten and the State of Mississippi is **GRANTED**.  All 28 U.S.C. § 1983 claims, alleged in the Complaint [1] filed by Plaintiff Thad Everett Delaughter against Defendants Michael Hatten and the State of Mississippi are dismissed.

**SO ORDERED AND ADJUDGED**, this the 18th day of March, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE