IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THAD EVERETT DELAUGHTER**                                                                                **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 1:14-cv-18-JCG**

**RONALD WOODALL, MICHAEL HATTEN,**
**STATE OF MISSISSIPPI, AND GLORIA PERRY, M.D.**           **DEFENDANTS**

## AMENDED COMPLAINT

The Plaintiff, Thad Everett Delaughter, files his Amended Complaint against the Defendants, Michael Hatten and Gloria Perry, M.D. (collectively, "Defendants"),[1] pursuant to 42 U.S.C. § 1983, for violations of Delaughter's rights under the Eighth Amendment to the United States Constitution, as made applicable to the states through the Fourteenth Amendment, to be free from cruel and unusual punishment while he is incarcerated in the custody of the Mississippi Department of Corrections ("MDOC").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. An actual controversy exists within this Court's jurisdiction, and this Court is therefore authorized to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] The State of Mississippi was granted summary judgment by the Court on March 18, 2016 and was not appealed. [Dkt. 124]. The Court's grant of summary judgment to Ronald Woodall was affirmed on direct appeal. *Delaughter v. Woodall*, 909 F.3d 130 (5th Cir. 2018).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Delaughter has exhausted all administrative remedies available to him within the meaning of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), prior to bringing this action.

**PARTIES**

5. The Plaintiff, Thad Everett Delaughter ("Delaughter"), is an inmate in MDOC custody who is serving a 25-year prison sentence which began in or around 2006. Delaughter is currently incarcerated at the Mississippi State Penitentiary ("MSP") located at Highway 49 West, Parchman, Mississippi 38738. Upon information and belief, prior to December 2015, he was incarcerated at the South Mississippi Correctional Institution ("SMCI") located at 22689 Highway 463 North, Leakesville, Mississippi 39451. According to the MDOC website, Delaughter's tentative release date is January 16, 2031.[2]

6. Defendant Michael Hatten ("Hatten"), is and was at all material times employed by the State of Mississippi (MDOC) as the medical administrator at SMCI and is alleged to have been acting in his official capacity and/or individual capacity under color of state law within the meaning of 42 U.S.C. § 1983. Hatten, as the medical administrator at SMCI, had the authority to direct Delaughter's healthcare and to obtain and/or authorize specialized healthcare for Delaughter during his incarceration at SMCI.

7. Defendant Gloria Perry, M.D. ("Dr. Perry"), is and was at all material times employed by the State of Mississippi as the Chief Medical Officer of the MDOC Office of Medical Compliance and is alleged to have been acting in her official capacity and/or

---

[2] https://www.ms.gov/mdoc/inmate/Search/GetDetails/122083 (last visited Feb. 18, 2019).

individual capacity under color of state law within the meaning of 42 U.S.C. § 1983. Dr. Perry, as the Chief Medical Officer of the MDOC Office of Medical Compliance, had and has the authority to direct Delaughter's healthcare and to obtain and/or authorize specialized healthcare for Delaughter while he is incarcerated in MDOC custody.

## FACTUAL ALLEGATIONS

8.  Delaughter has suffered from rheumatoid arthritis since he was two years old. Prior to his incarceration, he received bilateral hip and knee replacements. Delaughter also suffers, both prior to his incarceration and presently, from other chronic arthritic conditions in his body including, but not limited to, his hands and elbows.

9.  In 2006, Delaughter began serving a 25-year prison sentence in MDOC custody, and MDOC and its officials were aware of Delaughter's chronic and fragile physical condition when he entered MDOC custody. Since 2006, Delaughter has remained in MDOC custody, being incarcerated at various MDOC facilities, including SMCI and MSP.

10. As early as January 2010, while incarcerated at SMCI, Delaughter began complaining to Hatten and other MDOC medical staff of severe pain in his hips. Delaughter would consistently describe how his artificial left hip was popping and grinding and that when he would bend over, it felt like it was about to pop out. Indeed, X-rays taken of his left hip on or about February 4, 2010 revealed the left prosthetic femoral head was projecting over the top half of the acetabulum component, which is indicative or medically consistent with a dislocation of the left hip. The same x-rays also displayed a tilting of the prosthetic hip's acetabular component.

11. Throughout 2010 and into 2011, while incarcerated at SMCI, Delaughter repeatedly requested sick calls and medical care, complaining specifically of intense and crippling pain in his hips. During this time, Delaughter made numerous requests to Hatten and other SMCI medical staff for a referral to an outside specialist for examination and treatment of his hip condition.

12. Finally, in July 2011, Delaughter was seen by Elliott Nipper, M.D. ("Dr. Nipper"), an orthopedic specialist at Southern Bone & Joint Specialists, P.A. in Hattiesburg, Mississippi. After examining Delaughter, Dr. Nipper referred him for a CT Scan/MRI, which was conducted in or around August 2011. This imaging revealed, *inter alia*, a failure of the acetabular component of Delaughter's prosthetic hips. Dr. Nipper informed Delaughter of the necessity for a left hip replacement. Delaughter was then returned to SMCI, all the while continuing to experience and complain of excruciating pain in his hips.

13. In September 2011, Delaughter was again seen by Dr. Nipper. During this visit, Dr. Nipper determined that, due to the additional damage caused by the failing components in Delaughter's prosthetic left hip, Delaughter would also need reconstructive hip surgery. Dr. Nipper explained the surgical reconstruction would require complex reconstructive components, including a custom acetabular component. Delaughter understood and elected to proceed with the prescribed surgical intervention. The surgery was initially scheduled for October 2011 but was cancelled due to MDOC's refusal to pay for the necessary pre-surgery imaging and custom component evaluation,

and/or the surgical procedure or custom components. The surgery was never rescheduled.

14. Over the next two years, Delaughter remained incarcerated at SMCI suffering miserably while continuing to complain to Hatten and SMCI medical staff of the pain in his hips. During this time, no progress was made toward obtaining the prescribed surgery, despite Defendants' actual knowledge that Dr. Nipper deemed the surgery medically necessary and proper, and his having actually scheduled the surgery, back in the summer and fall of 2011.

15. On or about September 5, 2013, two years after the cancelled surgery, Delaughter was again seen by Dr. Nipper. During this visit, Dr. Nipper noted how during his most recent visit in September 2011, the two discussed Delaughter's reconstructive options, that he had referred Delaughter for a CT scan and custom component evaluation, but that Delaughter's insurance and/or MDOC refused to pay for these medically necessary services.[3]

16. At the conclusion of the September 5, 2013 visit, Dr. Nipper requested that MDOC refer Delaughter to the University of Mississippi Medical Center ("UMMC") to see if Delaughter could have the surgery performed there. Despite this referral,

---

[3] As an inmate in MDOC custody, Delaughter does not have private health insurance or public health insurance, such as Medicare or Medicaid. His medical treatment and care are supposed to be provided for by MDOC. According to Chapter IV of the MDOC Inmate Handbook, "MDOC, through a contractual agreement, provides comprehensive medical, dental, and mental health services to all incarcerated Inmates located at the three major institutions, county regional facilities, community work centers, restitution centers, and the Governor's Mansion." Chapter IV or the Inmate Handbook also says that "[p]rostheses and orthodontic devices will be provided when the health of the inmate would otherwise be adversely affected. This will be determined by the responsible medical staff."

5

Delaughter has never been seen or examined by anyone at UMMC, and no surgery has been performed there, or anywhere.

17. Now, nearly eight years have passed, and Delaughter still has not received the surgery prescribed by Dr. Nipper in September 2011. Delaughter has been living in ongoing agony for the better part of the last decade and has continued to complain of debilitating pain and distress to Defendants and other MDOC medical staff at SMCI, MSP, and within the MDOC institutional structure, all of which Defendants were actually aware.

18. Delaughter needs surgery, and his condition constitutes a serious medical need. The medical judgment of specialists is that surgery is required, and with each passing day, Delaughter's condition is worsened by the ongoing deterioration of his joints. His hip condition has also caused or contributed to other physical injuries and ailments including, but not limited to, his lower back and legs.

## CLAIMS FOR RELIEF

19. The Eighth Amendment to the United States Constitution protects individuals from cruel and unusual punishment. The protections of the Eighth Amendment apply equally to the states and all divisions and entities thereof, including departments of corrections, prison facilities, and prison officials acting in their official and individual capacities.

20. Delaughter has a right not to be subjected to cruel and unusual punishment, and an unjustified delay in obtaining prescribed surgery for a prisoner is a constitutional violation which is clearly established. *Delaughter*, 909 F.3d at 140.

21. Defendants were aware, no later than January 2010, that Delaughter was in chronic ongoing pain with respect to his hips. Defendants knew in or around July 2011 that Delaughter's left hip prosthetic had failed, and that he required a left hip replacement. And Defendants knew in or around September 2011 that Delaughter required reconstructive hip surgery. Defendants also were and are aware that the damage to Delaughter remains ongoing to this day.

22. The left hip replacement and reconstruction was long ago deemed medically necessary and proper by Dr. Nipper, a medical doctor who is board certified in the area of orthopaedic surgery. Yet, despite having this actual knowledge, Defendants have failed and continue to fail to ensure that Delaughter receives the surgery he so desperately needs.

23. Delaughter would allege and show that at all relevant times, Defendants acted in their official capacities and/or individual capacities under color of state law.

## COUNT ONE

**PROSPECTIVE INJUNCTIVE RELIEF FOR ONGOING VIOLATION OF FEDERAL LAW BY DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

24. Delaughter adopts and re-alleges each and every allegation set forth in the paragraphs preceding Count 1 and makes the same a part of this Count.

25. Defendants, having actual knowledge that Delaughter faced and continues to face a substantial risk of serious harm without the required hip replacement and reconstructive surgery, have disregarded those risks by failing to take reasonable measures to abate same, and the near decade long delay in Delaughter receiving the

prescribed surgery has resulted and continues to result in substantial ongoing harm to Delaughter.

26. The conduct of Defendants complained of herein demonstrates past and ongoing deliberate indifference to Delaughter's serious medical needs, constituting an unnecessary and wanton infliction of pain resulting in substantial harm, which rises to the level of cruel and unusual punishment in violation of Delaughter's rights under the Eighth Amendment, as enforced through 42 U.S.C. § 1983.

27. The past and ongoing conduct of Defendants complained of herein has caused and will continue to cause Delaughter great, immediate, and irreparable harm if such conduct is allowed to continue.

28. Given Defendants' past and ongoing conduct, it is not only possible but likely that Defendants will continue to act in a similar manner toward Delaughter in the future by failing to provide and/or unjustifiably continuing to delay his medically necessary and proper prescribed hip replacement and reconstructive surgery.

29. Delaughter has no adequate remedy at law for Defendants' ongoing constitutional violation. As such, Delaughter is entitled to an order compelling Defendants and their successors to timely and immediately obtain, arrange, and/or provide him with the prescribed hip replacement and reconstructive surgery along with all necessary post-surgical medical treatment, care, and rehabilitation services, including access to competent outside medical specialists, whether in-state or out-of-state, as well as all other proper medical treatment, care, and rehabilitation services relating to his condition(s) while he remains in MDOC custody.

# COUNT TWO

## VIOLATION OF CIVIL RIGHTS BY DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

30. Delaughter adopts and re-alleges each and every allegation set forth in the paragraphs preceding Count 2 and makes the same a part of this Count.

31. The conduct of the Defendants complained of herein demonstrates deliberate indifference to Delaughter's serious medical needs, constituting an unnecessary and wanton infliction of pain resulting in substantial harm, which rises to the level of cruel and unusual punishment in violation of Delaughter's rights under the Eighth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

32. As a direct and proximate result of Defendants' conduct as alleged herein, Delaughter has been and continues to be subjected to a substantial risk of serious harm, increased pain, and serious bodily injury, all of which have been ongoing for years.

33. Delaughter would further allege and show that as a direct and proximate result of Defendants' conduct as alleged herein, Delaughter has suffered damages including, but not limited to: past, present, and future bodily injury; past, present, and future physical pain and suffering; past, present, and future mental anguish, anxiety, and distress; and all other character and kind of damages as allowed by law which may be shown from the evidence at trial.

## JURY DEMAND

34. Delaughter demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, Thad Everett Delaughter, respectfully prays that this Court:

A. Declare the conduct of Defendants to have violated Delaughter's rights under the Eighth Amendment to the United States Constitution, as made applicable to the states through the Fourteenth Amendment;

B. Enter an order/judgment requiring Defendants and their successors to timely and immediately obtain, arrange, and/or provide Delaughter with the necessary hip replacement and reconstructive surgery as well as all necessary post-surgical medical treatment, care, and rehabilitation services, including access to competent outside medical specialists, whether in-state or out-of-state;

C. Enter an order/judgment requiring Defendants and their successors to ensure Delaughter timely receives all other proper medical treatment, care, and rehabilitation services relating to his condition(s) while he remains in MDOC custody;

D. Award damages for past, present, and future physical pain and suffering; past, present, and future mental anguish, anxiety, and distress; and any other damages as allowed by law;

E. Award punitive damages where legally and factually appropriate;

F. Award reasonable attorneys' fees, including expert fees, and costs pursuant to 42 U.S.C. § 1988; and

G. Grant such other and further relief as this Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED,** this the 20th day of February, 2019.

                              **THAD EVERETT DELAUGHTER, PLAINTIFF**

        By:     /s/ Christopher Smith
                  Christopher Smith (MSB# 104366)
                  SMITH & HOLDER, PLLC
                  2209 23rd Avenue
                  Post Office Box 1149
                  Gulfport, MS 39502
                  Telephone - (228) 206-7076
                  Facsimile - (228) 284-1870
                  Email - chris@smithholder.com

                  **Counsel for Thad Everett Delaughter**

## **CERTIFICATE OF SERVICE**

I, Christopher Smith, of the law firm of Smith & Holder, PLLC, hereby certify that I have this day e-filed the foregoing *Amended Complaint* with the Clerk of Court using the ECF system which served a copy on all counsel of record.

SO CERTIFIED, this the 20th day of February, 2019.

/s/ Christopher Smith
Christopher Smith (MSB# 104366)
