**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THAD EVERETT DELAUGHTER**                                        **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 1:14-CV-18-JCG**

**RONALD WOODALL, et al.**                                        **DEFENDANTS**

<u>**ANSWER AND DEFENSES**</u>

Come now, Defendants Michael Hatten and Gloria Perry, M.D., by and through counsel, and submit their Answer and Defenses to the Plaintiff's Amended Complaint [162] and would show unto the Court as follows:

<u>**FIRST DEFENSE**</u>

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

<u>**SECOND DEFENSE**</u>

Plaintiff's Complaint fails to state facts against the answering Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

<u>**THIRD DEFENSE**</u>

Answering Defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## **FOURTH DEFENSE**

Answering Defendants are entitled to qualified immunity as to the claims asserted against them in their individual capacities. More specifically, answering Defendants would affirmatively aver that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, their conduct was objectively reasonable.

## **FIFTH DEFENSE**

Insofar as any state law claims are concerned, answering Defendants invoke each and every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## **SIXTH DEFENSE**

Answering Defendants deny that they have been guilty of any actionable conduct.

## **ADMISSIONS AND DENIALS**

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendants would respond to the allegations of Plaintiff's First Amended Complaint [162], paragraph by paragraph, as follows:

1.

Answering defendants admit the allegations of paragraph 1 of the Plaintiff's Amended Complaint.

2.

Answering defendants admit the allegations of paragraph 2 of the Plaintiff's Amended Complaint.

3.

Answering defendants admit the allegations of paragraph 3 of the Plaintiff's Amended Complaint.

4.

Answering defendants admit the allegations of paragraph 4 of the Plaintiff's Amended Complaint.

**PARTIES**

5.

Answering defendants admit the allegations of paragraph 5 of the Plaintiff's Amended Complaint.

6.

Answering defendants admit that at all times relevant to Plaintiff's Amended Complaint, Michael Hatten was the health services administrator at SMCI and was acting in the course and scope of his employment with MDOC; the remaining allegations of paragraph 6 of the Plaintiff's Amended Complaint are denied.

7.

Answering defendants admit that at all times relevant to Plaintiff's Amended Complaint, Gloria Perry, M.D. was the chief medical officer with MDOC and was

acting in the course and scope of her employment with the same; the remaining allegations of paragraph 6 of the Plaintiff's Amended Complaint are denied.

## FACTUAL ALLEGATIONS

8.

Answering defendants admit the allegations of paragraph 8 of the Plaintiff's Amended Complaint.

9.

Answering defendants admit Plaintiff has received ongoing medical care during his incarceration, but deny the remaining allegations of paragraph 9 of the Plaintiff's Amended Complaint.

10.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 10 of the Plaintiff's Amended Complaint.

11.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 11 of the Plaintiff's Amended Complaint.

12.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 12 of the Plaintiff's Amended Complaint.

13.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 13 of the Plaintiff's Amended Complaint.

14.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 14 of the Plaintiff's Amended Complaint.

15.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 15 of the Plaintiff's Amended Complaint.

16.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 16 of the Plaintiff's Amended Complaint.

17.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 17 of the Plaintiff's Amended Complaint.

18.

Answering defendants admit Plaintiff has received ongoing medical care regarding hip pain during his incarceration, but deny the remaining allegations of paragraph 18 of the Plaintiff's Amended Complaint.

**CLAIMS FOR RELIEF**

19.

Paragraph 19 of Plaintiff's Amended Complaint does not contain any allegations regarding the answering Defendants, but to the extent a response is required this paragraph is denied.

20.

Paragraph 20 of Plaintiff's Amended Complaint does not contain any allegations regarding the answering Defendants, but to the extent a response is required this paragraph is denied.

21.

Answering defendants deny the allegations in paragraph 21 of Plaintiff's Amended Complaint.

22.

Answering defendants deny the allegations in paragraph 22 of Plaintiff's Amended Complaint.

23.

Answering defendants admit that at all times relevant to this suit they were acting in the course and scope of their employment with MDOC.

**COUNT ONE**

**PROSPECTIVE INJUNCTIVE RELIEF FOR ONGOING VIOLATION OF FEDEWRAL LAW BY DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

24.

Answering defendants incorporate herein the admissions and denials of the preceding paragraphs as if fully set forth herein.

25.

Answering defendants deny the allegations in paragraph 25 of Plaintiff's Amended Complaint.

26.

Answering defendants deny the allegations in paragraph 26 of Plaintiff's Amended Complaint.

27.

Answering defendants deny the allegations in paragraph 27 of Plaintiff's Amended Complaint.

28.

Answering defendants deny the allegations in paragraph 28 of Plaintiff's Amended Complaint.

29.

Answering defendants deny the allegations in paragraph 29 of Plaintiff's Amended Complaint.

**COUNT TWO**

**VIOLATION OF CIVIL RIGHTS BY DEFENDANTS
IN THEIR INDIVIDUAL CAPACITIES**

30.

Answering defendants incorporate herein the admissions and denials of the preceding paragraphs as if fully set forth herein.

31.

Answering defendants deny the allegations in paragraph 31 of Plaintiff's Amended Complaint.

32.

Answering defendants deny the allegations in paragraph 32 of Plaintiff's Amended Complaint.

33.

Answering defendants deny the allegations in paragraph 33 of Plaintiff's Amended Complaint.

## JURY DEMAND

### 34.

Paragraph 34 of Plaintiff's Amended Complaint does not contain any allegations regarding the answering Defendants, but to the extent a response is required this paragraph is admitted.

## PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences "WHEREFORE…," answering defendants deny each and every allegation contained therein and would aver that the Plaintiff is not entitled to any relief or recovery whatsoever.

## SEVENTH DEFENSE

Defendants' actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

## EIGHTH DEFENSE

Defendants reserve the right to seek leave to amend their Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## NINTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

## TENTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## ELEVENTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their state law immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## TWELFTH DEFENSE

Defendants specifically deny that they have willfully violated any law in any manner or respect whatsoever and deny that they are liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## THIRTEENTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiff against them as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit

arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## SEVENTEENTH DEFENSE

Defendants cannot be held vicariously liable in this action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691–95, 98 S. Ct. 2018, 2036–38, 56 L. Ed .2d 611 (1978).

## EIGHTEENTH DEFENSE

Defendants also assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

## NINETEENTH DEFENSE

Answering Defendants assert and invoke 42 U.S.C. § 1997e(a)-(h) to the extent applicable.

## TWENTIETH DEFENSE

Answering Defendants assert and invoke 18 U.S.C. § 3626 to the extent applicable.

And now, having fully answered the allegations of Plaintiff's Complaint and having set forth their defenses thereto, Defendants deny that the Plaintiff is entitled to any relief against them in any form or amount, whatsoever, and hereby move the Court for entry of an order and final judgment dismissing this cause of action against them with prejudice, with all costs assessed to the Plaintiff. Finally, Defendants move for general and such other relief as the Court deems appropriate herein.

**DATE: MARCH 5, 2019**

> **MICHAEL HATTEN AND GLORIA PERRY, M.D., Defendants**
>
> **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> **BY:** */s/ J. Chadwick Williams*

J. Chadwick Williams (MSB #102158)
Special Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
Post Office Box 220

Jackson, Mississippi 39205
Telephone: (601)359-3523
Facsimile: (601) 359-2003
E-mail: cwill@ago.state.ms.us

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which gave notice to all counsel of record.

This, the 5th day of March, 2019.

*/s/ J. Chadwick Williams*